Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| RAÚL LEÓN MARTÍNEZ<br><br>Peticionario<br><br>v.<br><br>JENNIFER RIVERA MÁRQUEZ<br><br>Recurrida | KLCE202401126 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: BY2022RF00366<br><br>Sobre: DIVORCIO |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

## R E S O L U C I Ó N

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Comparece ante nos el señor Raúl León Martínez (señor León) mediante *Recurso de Certiorari* y solicita la revisión de una *Resolución* emitida el 19 de agosto de 2024, notificada el 28 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). Mediante el referido dictamen, el TPI declaró *Ha Lugar* la *Solicitud de Hogar Seguro* presentada por la señora Jennifer Rivera Márquez (señora Rivera).

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari*.

### I.

Según surge del expediente ante nos, el 15 de mayo de 2015, el señor León y la señora Rivera contrajeron matrimonio. Durante el mismo procrearon al menor TLR. De igual forma, adquirieron la propiedad matrimonial sita en el municipio de Caguas.[1]

---

[1] Véase, *Recurso de Certiorari*, pág. 2

Número Identificador

RES2022 _____

Tras desacuerdos matrimoniales, el 29 de noviembre de 2022, el señor León y la señora Rivera se divorciaron por la causal de ruptura irreparable. En consecuencia, acordaron mantener la custodia compartida del menor TLR. Así como, hacerse cargo de manera equitativa de sus necesidades y cuidado.[2]

El 13 de diciembre de 2023, la señora Rivera presentó ante el foro primario una *Moción Solicitando Designación de Hogar Seguro*. En esencia, alegó que la residencia familiar ha sido el hogar del menor desde su nacimiento y que la relocalización de su hijo a otra propiedad resultaría perjudicial y oneroso para su bienestar.[3] Por su parte, en oposición a la referida solicitud, el señor León arguyó que la señora Rivera no cumple con los criterios establecidos en el Código Civil de 2020 ni con la Ley Núm. 195-2011, conocida como Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar. Además, dispuso que existiendo custodia compartida no corresponde la designación de hogar seguro toda vez que el menor cuenta con dos hogares como su residencia principal.[4]

En respuesta, el 3 de abril de 2024, el foro primario emitió *Resolución*. En la misma, el TPI explicó que las partes no han tenido la oportunidad de presentar prueba a través de un procedimiento evidenciario para demostrar la necesidad de la señora Rivera de permanecer en el hogar conyugal. Por tanto, dicho foro emitió orden para el manejo de una vista evidenciaría.[5]

A tales efectos, el 28 de mayo de 2024, se celebró la Vista Evidenciaría. En ella, el señor León y la señora Rivera presentaron sus respectivos testimonios y la prueba documental solicitada. Así las cosas, luego de examinado el expediente judicial y analizado el interés óptimo del menor, el foro primario mediante *Resolución*

---

[2] *Íd.*
[3] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada núm. 82.
[4] Véase, SUMAC, entrada núm. 88.
[5] Véase, SUMAC, entrada núm. 92.

declaró *Ha Lugar* la *Moción Solicitando Designación de Hogar Seguro* de la señora Rivera.[6]

Insatisfecho, el 10 de septiembre de 2024, el señor León presentó una *Urgente Solicitud de Reconsideración al Amparo de la Regla 47 de las de Procedimiento Civil*. En su escrito sostuvo que el menor TLR reside bajo su cuidado y compañía más del cincuenta por ciento del tiempo que pernocta en la residencia que fue designada como hogar seguro. Por consiguiente, aseguró que dicha designación resulta inoficiosa y solicitó su revocación.[7] En respuesta, el 25 de septiembre de 2024, el foro primario declaró *Sin Lugar* la *Urgente Solicitud de Reconsideración al Amparo de la Regla 47 de las de Procedimiento Civil*.[8]

Inconforme aun, el 18 de octubre de 2024, el señor León acudió ante *nos* mediante *Recurso de Certiorari* y alegó la comisión de los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, EQUIPARANDO A LA DEMANDADA/APELADA A LA CATEGORÍA Y CON TODOS LOS DERECHOS DE UNA MADRE CUSTODIO CUANDO LAS PARTES ESTIPULARON UNA CUSTODIA COMPARTIDA LA CUAL FUE RATIFICADA Y APROBADA POR EL TRIBUNAL DE PRIMERA INSTANCIA.
>
> SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, CUANDO EL MENOR PROCREADO POR LAS PARTES PASA MUCHO MÁS TIEMPO DEL MES BAJO LA CUSTODIA, CUIDO Y COMPAÑÍA DEL DEMANDANTE/APELANTE QUE CON LA DEMANDADA/APELADA.
>
> TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL

---

[6] Véase, SUMAC, entrada núm. 104.
[7] Véase, Apéndice III, págs. 1-8.
[8] Véase, SUMAC, entrada núm. 106.

HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, CUANDO LA DEMANDADA/APELADA NO CUMPLE CON LOS REQUISITOS IMPUESTOS EN EL ARTÍCULO 478 DEL CÓDIGO CIVIL DE 2020.

CUARTO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, CUANDO DE DICHA DESIGNACIÓN SE BENEFICIA UN TERCERO, AJENO Y EXTRAÑO AL PLEITO Y QUE NO TIENE DERECHO A DICHO BENEFICIO.

QUINTO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, PARA USO DE LA DEMANDADA/APELADA SIN TOMAR EN CONSIDERACIÓN LAS DISPOSICIONES DEL ARTÍCULO 476 DEL CÓDIGO CIVIL DE 2020, SIN AUSCULTAR LA POSIBILIDAD DE CADA CONYUGE DE ADQUIRIR SU PROPIA VIVIENDA Y LA SOLVENCIA ECONÓMICA DE LOS EXCONYUGES PARA ATENDER SUS PROPIAS NECESIDADES.

SEXTO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES, PARA USO DE LA DEMANDADA/APELADA A LA CLAUSULA CONS TITUCIONAL DE IGUAL PROTECCIÓN DE LAS LEYES.

SÉPTIMO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAGUAS AL DESIGNAR COMO HOGAR SEGURO EL HOGAR CONYUGAL PERTENECIENTE A LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR LAS PARTES EN PERJUICIO DE LA PARTE DEMANDANTE/RECURRENTE.

Examinado el *Recurso de Certiorari*, este Tribunal emitió una *Resolución* el 2 de julio de 2024, concediéndole un término de veinte (20) días a la señora Rivera para que expresara su posición al recurso. En cumplimiento con lo ordenado, el 28 de octubre de 2024, la señora Rivera presentó una *Oposición a Recurso de*

*Certiorari* [...]. Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez*, 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un Tribunal Apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Banco Popular v. Gómez Alayón y otros, supra*. Véase, además, *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. Hogar Seguro**

En Puerto Rico, como en toda sociedad civilizada, hay un eminente interés social en proteger y fomentar la adquisición por cada familia de una vivienda segura, cómoda y adecuada, reflejado en una política pública de claros perfiles en la profusa legislación aprobada a lo largo de los años. *Rodríguez v. Pérez,* 161 DPR 637 (2006). Por tal motivo, nuestro ordenamiento jurídico ha incorporado la figura de hogar seguro en el Código Civil de Puerto Rico (31 LPRA secs. 6851- 6861).

Así pues, el Art. 477 del precitado estatuto dispone que:

> Cualquiera de los excónyuges o cualquiera de los hijos que quedan bajo su patria potestad, puede solicitar el derecho a permanecer en la vivienda de la Sociedad de Gananciales que constituye el hogar principal del matrimonio y de la familia antes de iniciarse el proceso de divorcio. Este derecho puede reclamarse desde que se necesita, en la petición de disolución del matrimonio, durante el proceso o luego de dictarse la sentencia. En los casos donde la vivienda familiar principal sea privativa de cualquiera de los excónyuges y exista otra vivienda perteneciente a la Sociedad de Gananciales, el Tribunal podrá establecer como vivienda familiar la propiedad perteneciente a la Sociedad de Gananciales. En los casos en que no exista una vivienda perteneciente a la Sociedad de Gananciales, el tribunal determinará como se cumplirá con el derecho a hogar seguro. (31 LPRA sec. 6851).

Sin embargo, el reconocimiento del derecho a hogar seguro no es automático; se basa en los preceptos de equidad vislumbrados según las circunstancias de cada caso y debe satisfacer una necesidad legítima. *Cruz Cruz v. Irizarry Tirado,* 107 DPR 655 (1978).

Por tanto, el Art. 478 del Código Civil de Puerto Rico (31 LPRA sec. 6852) establece los criterios que el tribunal ha de considerar previo a autorizar a una parte el derecho a conservar la vivienda familiar, entre ellos:

(a) Los acuerdos de los cónyuges sobre el uso y el destino de la vivienda durante la vigencia del matrimonio y después de su disolución;

(b) si el cónyuge solicitante mantiene la custodia de los hijos menores de edad;

(c) si el cónyuge solicitante retiene la patria potestad prorrogada o la tutela de los hijos mayores incapacitados o con impedimentos físicos que requieren asistencia especial y constante en el entorno familiar;

(d) si los hijos mayores de edad, pero menores de veinticinco (25) años, permanecen en el hogar familiar mientras estudian o se preparan para un oficio;

(e) si la vivienda familiar es el único inmueble que puede cumplir razonablemente ese propósito dentro del patrimonio conyugal, sin que se afecte significativamente el bienestar óptimo de los beneficiados al momento de su concesión con más necesidad de protección;

(f) si el cónyuge solicitante, aunque no tenga hijos o, de tenerlos, no vivan en su compañía, necesita de esa protección especial, por su edad y situación personal; y

(g) cualquier otro factor que sea pertinente para justificar el reclamo.

Por último, el Art. 479 dispone que, el tribunal identificará a todos los beneficiados en la sentencia y establecerá las condiciones y el plazo en que cada cual ha de disfrutarlo (31 LPRA sec. 6853).

### III.

La parte peticionaria solicita que este Tribunal intervenga para que revisemos la *Resolución* emitida y notificada el 28 de agosto de 2024, por el TPI. Luego de examinar meticulosamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado. *Veamos.*

La evaluación del expediente del caso de autos revela manifiestamente que el señor de León circunscribió sus señalamientos de error en la apreciación de la prueba que hizo el Tribunal de Primera Instancia. Incluso, el señalamiento de error de índole constitucional está supeditado a la evidencia desfilada en la Vista Evidenciaría ante el Tribunal de Primera Instancia, específicamente en relación con el tiempo que el menor pasa bajo el cuidado de su padre. No obstante, éste no produjo copia de la transcripción de la prueba oral para que pudiésemos realizar un

análisis independiente de la prueba y de lo ocurrido en la Vista Evidenciaría. Por tanto, carecemos de los elementos de juicio para contradecir las determinaciones de hechos del foro primario.

Sabido es que, cuando en un recurso se señale algún error relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del juzgador, la parte apelante tiene que presentar una transcripción o una exposición estipulada o una exposición narrativa de la prueba para que de esta manera el tribunal apelativo pueda cumplir cabalmente con su función revisora. Regla 19(A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R.19 (A), *Álvarez v. Rivera,* 165 DPR 1 (2005).

En virtud de lo anterior, al no proveer una transcripción de la prueba oral, el señor León no nos puso en condición de revisar sus alegaciones ni nos puso en posición de evaluar su reclamo. Por ello, estamos limitados a las determinaciones de hechos realizadas por el foro primario.

En fin, evaluados los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra*, y los de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, denegamos el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones